IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICKA RENEE COLLINS,<br>      Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:21-CV-694-BH |
| COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>      Defendant. | § § § § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court for determination is the plaintiff's *Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West)*, filed March 3, 2022 (doc. 29). Based on the relevant findings, evidence, and applicable law, the application is **GRANTED in part**.

## I. BACKGROUND

On March 24, 2021, Ericka Renee Collins (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner) denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1 at 1.)[2] On December 16, 2021, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (doc. 28.) Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (docs. 29, 30.) The Commissioner did not respond to the application and it is now ripe for determination.

---

[1] By consent of the parties and order filed August 20, 2021 (doc. 22), this case has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[3] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).  The attorney's fees awarded under the EAJA must be reasonable, however.  *See* 28 U.S.C. § 2412(b).  "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted).  "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[4]  *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam).  It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards."  *Id.* (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).  The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255,

---

[3] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

[4] The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000).  "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors.  *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.  "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted).  Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Here, as the prevailing party, Plaintiff has requested a total of $4,891.51 in attorney's fees based on 19.7 hours of attorney work and 6.7 hours of paralegal work for litigating this appeal in federal court and for preparing and filing the EAJA application.[5] (doc. 30 at 2.) She has submitted a billing summary setting out detailed time entries for the legal services rendered by attorneys and paralegals.[6] (docs. 30-2, 30-3, 30-4.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between February 3, 2021 and March 3, 2022. (*Id.*) The billing summary reflects 19.7 attorney hours at a rate of $214.29 and 6.7 paralegal hours at a rate of $100.00. (docs. 30 at 2; 30-2.)

"[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff [ ]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *see also Hensley*, 461 U.S. at 440 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under" the EAJA.). In view of Plaintiff's success and considering all of the work performed, the hours requested are reasonable. *See Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) ("Under the EAJA, a typical fee applicant claims 'between thirty and forty hours' for attorney work.") (citing cases); *see, e.g., Kawinda M. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-614-G-BK, 2020 WL

---

[5] Under the EAJA, fees incurred in litigating a fee application are compensable. *See Sandoval*, 86 F. Supp.2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)).

[6] Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

3441971, at *1 (N.D. Tex. May 27, 2020), *adopted by* 2020 WL 3441232 (N.D. Tex. June 23, 2020) (finding plaintiff's request under the EAJA for attorney's fees for 32.15 hours of attorney work was reasonable); *Banks v. Berryhill*, No. 4:18-CV-00239-BP, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (approving EAJA fees request for 23.9 hours of attorney work and 7.4 hours of paralegal work).

### A.   Attorney Hourly Rate

Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id.*; *see also Hall v. Shalala*, 50 F.3d 367, 369-70 (5th Cir. 1995). The Consumer Price Index (CPI), as furnished by the U.S. Bureau of Labor Statistics (BLS), has been used to determine the appropriate amount for cost of living increases under the EAJA. *See Cavazos v. Astrue*, No. CA C-09-361, 2011 WL 1004941, at *4 (S.D. Tex. Mar. 1, 2011), *adopted by* 2011 WL 977519 (S.D. Tex. Mar. 16, 2011) (citing *Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam)). Even though the Fifth Circuit has not specifically determined whether courts should apply the national, regional, or local CPI when calculating fee adjustments under the EAJA, it has emphasized the importance of uniformity in cost-of-living adjustments within courts located in the same city or division. *See Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006). Because fee adjustments need not necessarily "track the cost-of-living index for the geographical area," and because "unusual circumstances" may sometimes warrant a greater or lesser adjustment, however, federal courts retain the discretion to "conservatively adjust the rate" according to the facts of each case. *See Baker v. Bowen*, 839 F.2d 1075, 1079 (5th Cir. 1988).

Here, Plaintiff requests that the $125 hourly rate under the EAJA be adjusted using the

average CPI for the Urban South, which was $214.29 for 2021.[7] (doc. 30 at 2.) While the EAJA allows an upward adjustment of attorney's fees for increases in the cost of living, courts in this division have routinely used the CPI for the Dallas-Fort Worth area (DFW CPI) to calculate the appropriate hourly rate for attorneys under the EAJA. *See Hamblen v. Colvin*, 14 F. Supp. 3d 801, 807 (N.D. Tex. 2014) (collecting cases). Notably, the Urban South CPI has been expressly rejected as the appropriate index for EAJA fee award calculations by other courts in this division. *See Bates v. Colvin*, No. 3:13-CV-1659-L-BK, 2014 WL 408052, at *5 (N.D. Tex. June 5, 2014) (holding that in the Dallas Division "the appropriate CPI was DFW rather than the Urban South CPI") (citing cases). Because application of the DFW CPI is consistent with recent precedent and maintains divisional uniformity, and because Plaintiff fails to identify any "unusual circumstances" that justifies a higher fee adjustment based on the Urban South CPI, the DFW CPI will be applied. *See Baker*, 839 F.2d at 1079; *see, e.g., Alexander v. Comm'r of Soc. Sec.*, No. 3:19-CV-1413-M-BK, 2020 WL 1815794, at *1 (N.D. Tex. Mar. 11, 2020), *adopted by* 2020 WL 1808617 (N.D. Tex. Apr. 9, 2020) (rejecting unopposed hourly rate based on the Urban South CPI, and adjusting requested rate downward after applying the DFW CPI). Using the DFW CPI,[8] the hourly rate for attorney work performed in 2021 is reduced to $211.37,[9] and the hourly rate for attorney work performed in

---

[7]Although the billing summary shows that some attorney work was performed in 2022, Plaintiff does not provide a separate attorney hourly rate for 2022. (*See* doc. 30-3 at 3.)

[8]The annual, semi-annual, and monthly CPI for each metro area can be accessed on BLS's website. *See* https://www.bls.gov/cpi/regional-resources.htm (lasted visited April 20, 2022).

[9]To compute the annual cost of living adjustment for 2021, the difference between the original and 2021 DFW CPI is first calculated. The average DFW CPI in 1996, the year the EAJA was amended to set the hourly rate for attorney's fees at $125, was 148.8, and the average DFW CPI in 2020 was 251.620, so the difference is 102.82. That difference is divided by 148.8 to determine the percentage of increase in the CPI, which equals 69.10%. Next, $125 (the hourly rate established in 1996) is multiplied by the latter figure to determine the hourly rate increase, which equals $86.37. That amount is added to $125 to determine the adjusted hourly attorney fee rate for the DFW area of $211.37.

2022 is increased to $226.72.[10]

## B. Paralegal Hourly Rate

"The Supreme Court, and lower courts, have approved the inclusion of fees for paralegals, law clerks, and law students, in fee awards under EAJA or analogous fee-shifting statutes, on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)) (citations omitted); *see Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) ("[W]e take it as 'self-evident' that when Congress instructed agencies to award 'attorney . . . fees' to certain parties prevailing against the Government, that term was intended to embrace paralegal fees as well.") (citation omitted). The compensation recoverable for work performed by paralegals, law clerks, and other support staff is determined at the prevailing market rates for the kind and quality of the services furnished. *See Jenkins*, 491 U.S. at 287 ("[T]he appropriate compensation for paralegals, law clerks, and summer associates should be determined by the marketplace."). The fee applicant must produce satisfactory evidence that the requested rates are in line with prevailing market rates for such work. *See* 28 U.S.C. § 2412(d)(2)(A); *see, e.g., Cater v. Fidelity Nat'l Ins. Co.*, No. 07-4619, 2009 WL 35342, at *2 (E.D. La. Jan. 6, 2009) ("The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.") (citing *NAACP v. City of Evergreen*,

---

[10] Because the monthly DFW CPI for March 2022 is available and the billing entry for attorney work in 2022 is confined to that month, the March 2022 index number is used to calculate the rate for services in 2022. The DFW CPI in April 1996 was 148.5, and the March 2022 DFW CPI was 269.347, so the difference is 120.847. The difference is divided by 148.5 to determine the percentage of increase in the CPI, which equals 81.38%. This figure is multiplied by $125 to determine the hourly rate increase, which equals $101.72. That amount is added to $125 to determine the adjusted hourly attorney fee rate for the DFW area of $226.72.

812 F.2d 1332, 1338 (11th Cir. 1987)).

Here, Plaintiff requests a billing rate of $100.00 per hour for paralegal work performed in this case. (doc. 27 at 3.) She does not provide market rate information or any other evidence to show that a $100.00 hourly rate for paralegal services is reasonable, however. *See* 28 U.S.C. § 2412(d)(2)(A); *see, e.g., Banks*, 2019 WL 2084539, at *1 ("Plaintiff has not supported his fee application with any market rate information to support that a $ 100.00 hourly rate for paralegal services is reasonable."). "[C]ourts in this district have found that $95.00 per hour is the reasonable market rate for paralegal work in the Northern District of Texas." *Brown v. Saul*, No. 3:18-CV-0190-BH, 2019 WL 7756079, at *3 (N.D. Tex. Oct. 2, 2019) (citing *Ronda C. v. Berryhill*, No. 3:17-CV-2114-G-BH, 2019 WL 1793040, at *2 fn.6 (N.D. Tex. Apr. 3, 2019), *adopted by* 2019 WL 1790053 (N.D. Tex. Apr. 24, 2019)); *see also Banks*, 2019 WL 2084539, at *1 (collecting cases). Accordingly, the hourly rate for paralegal work performed in this case is reduced to $95.00.

### III. CONCLUSION

Plaintiff's motion is **GRANTED in part**, and she is awarded $4,808.16 in attorney's fees as follows:

(1)  19.2 hours of attorney work for litigating Plaintiff's appeal in 2021 at an hourly rate of $211.37 ($4,058.30);

(2)  .5 hour of attorney work for preparation of EAJA attorney's fees application in 2022 at an hourly rate of $226.72 ($113.36); and

(3)  6.7 hours of paralegal work for litigating Plaintiff's appeal and preparing her EAJA attorney's fees application at an hourly rate of $95.00 ($636.50).

The award of attorney's fees shall be made payable directly to Plaintiff and mailed to her counsel.[11]

---

[11] The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

**SO ORDERED** on this 20th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE